1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CURLEY JOHN BROUSSARD, JR.,          Case No.   1:19-cv-00164-AWI-JDP (HC)

12              Petitioner,               ORDER TO SHOW CAUSE WHY PETITION
                                          SHOULD NOT BE DISMISSED FOR
13        v.                              FAILURE TO COMPLY WITH STATUTE OF
                                          LIMITATIONS
14   UNITED STATES OF AMERICA,
                                          OBJECTIONS DUE IN FOURTEEN DAYS
15              Respondent.
                                          ECF No. 1
16
                                          ORDER DENYING MOTION TO STAY
17
                                          ECF No. 7
18

19

20        Petitioner Curley John Broussard, Jr., a state prisoner without counsel, seeks a writ of

21   habeas corpus under 28 U.S.C. § 2254.  ECF No. 1.  The matter is before the court for review

22   under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to

23   the habeas proceeding must examine the habeas petition and order a response to the petition

24   unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*,

25   918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

26   Petitioner also filed a motion to stay, which is denied.  ECF No. 7.

27

28

1

**Statute of Limitations**

This court may raise the statute of limitations *sua sponte* when reviewing a habeas petition. *See Day v. McDonough*, 547 U.S. 198, 209 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1042 n.3 (9th Cir. 2001) (Federal district courts may consider the timeliness of a state prisoner's habeas petition to serve the interests of judicial efficiency.).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), petitioners seeking habeas relief under § 2254 must comply with the statute of limitations set by 28 U.S.C. § 2244(d). The one-year period begins on the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.; *see also Hasan v. Galaza*, 254 F.3d 1150, 1153 (9th Cir. 2001).

The statute of limitations period can be tolled in various ways. For example, a petitioner can obtain equitable tolling if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Williams v. Filson*, 908 F.3d 546, 558 (9th Cir. 2018) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Here, petitioner asserts three grounds for relief: (1) judicial misconduct during his 1983 trial, (2) miscarriage of justice during his 1983 trial, and (3) a violation of his rights caused by a "code of silence" enforced by the Los Angeles County Superior Court in 1984. *See* ECF No. 1 at 4-15. Petitioner sought state-level habeas review of his 1983 conviction multiple times. The

most recent of petitioner's state habeas petitions was denied on October 1, 2008 by the California

Supreme Court. *See Broussard on H.C.*, No. S165761 (Cal. Oct. 1, 2008).[1]

To comply with § 2244(d), petitioner must have either filed his petition within one year of

the California Supreme Court's denial of review or show he is entitled to tolling under one of the

narrow exceptions of § 2244(d)(1)(B-D). Here, petitioner filed his federal petition on February 6,

2019—over 10 years after the California Supreme Court's "judgment became final by the

conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A).[2] Because the record indicates that the

petition may "fall outside the one-year time period, the petitioner has the burden of demonstrating

that he is entitled to tolling." *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002), abrogated on

other grounds by *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Therefore, petitioner must explain

to this court how his petition complies with § 2244(d).

**Motion to Stay**

Petitioner filed a motion to stay on June 6, 2019. ECF No. 7. Petitioner expressed his

intention to file additional civil suits disputing the validity of his 1983 criminal conviction under

alternative theories of law, including breach of contract and fraud. *Id*. at 4-5. This court may stay

federal habeas proceedings while a petitioner seeks to exhaust state-level appellate or habeas

remedies, as required by AEDPA. *See Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315

F.3d 1063, 1070-71 (9th Cir. 2003). However, AEDPA does not require a federal habeas

petitioner to seek other forms of civil relief, such as those contemplated by petitioner, prior to

filing a federal habeas petition. *See* 28 U.S.C. § 2254(b)(1). Because AEDPA does not require

the types of suits petitioner intends to file as a prerequisite to federal habeas relief, no stay is

needed and the court denies his motion.

---

[1] Petitioner then sought a federal writ of habeas corpus in this court, which was dismissed for failure to state a cognizable claim on January 14, 2009. *See Broussard v. Adams*, No. 1:08-cv-01926-GSA (E.D. Cal. Jan. 14, 2009). Thus, even if petitioner could show that the instant petition is timely, the petition might yet be dismissed as a second or successive petition. *See* 28 U.S.C. § 2244(b)(2)

[2] The California Supreme Court's denial of a petition for review of a Court of Appeal is final on filing. *See* Cal. Rules of Court, rule 8.532(b)(2)(A).

1       In the same motion, petitioner seeks an order requiring the prison to provide him with

2 regular access to the prison law library. ECF No. 7 at 6. Under § 2254, a writ of habeas corpus is

3 available to prisoners challenging the fact or duration of their confinement. *See Heck v.*

4 *Humphrey*, 512 U.S. 477, 481 (1994). In contrast, if a favorable judgment for the petitioner

5 would not "necessarily lead to his immediate or earlier release from confinement," the court lacks

6 jurisdiction under this provision. *See Nettles v. Grounds*, 830 F.3d 922, 935-37 (9th Cir. 2016).

7 Therefore, this court lacks jurisdiction to consider petitioner's request for law library access.

8 **Order**

9       Within fourteen days from the date of service of this order, petitioner must show cause

10 why the court should not summarily dismiss the petition. Failure to comply with this order may

11 result in the dismissal of the petition. Petitioner's motion to stay is denied. ECF No. 7.

12

13 IT IS SO ORDERED.

14
   Dated:     January 15, 2020                                                 

15                                      UNITED STATES MAGISTRATE JUDGE

16

17

18 No. 206.

19

20

21

22

23

24

25

26

27

28