UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURLEY JOHN BROUSSARD, JR., <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Case No. 1:19-cv-00164-AWI-JDP (HC) <br><br> FINDINGS AND RECOMMEDATIONS TO DISMISS PETITION AS UNTIMELY <br><br> OBJECTIONS DUE IN FOURTEEN DAYS <br><br> ECF No. 1 |

Petitioner Curley John Broussard, Jr., a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. On January 15, 2020, we screened petitioner's habeas petition, found it untimely, and ordered petitioner to show cause why his petition should not be summarily dismissed for failure to comply with the statute of limitations. ECF No. 8. We granted petitioner fourteen days to respond to the order to show cause. *See id.* The time for responding has passed and petitioner has failed to respond. We recommend that the petition be dismissed.

**Discussion**

Under Rule 4 of the Rules Governing Section 2254 Cases, the assigned judge must promptly examine the habeas petition and must order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. Rule 4 was "designed to give courts an active role in summarily disposing of facially defective habeas petitions." *Ross v. Williams*, 896 F.3d

1

958, 968 (9th Cir. 2018) (citation omitted). The court may dismiss claims at screening for "easily identifiable" procedural defects. *See id*. at 968. The court may raise the statute of limitations *sua sponte* when reviewing a habeas petition. *See Day v. McDonough*, 547 U.S. 198, 209 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1042 n.3 (9th Cir. 2001) (stating that federal district courts may consider the timeliness of a state prisoner's habeas petition to serve the interests of judicial efficiency).

Here, petitioner challenges deficiencies in his 1983 trial and 1984 post-trial proceedings. ECF No. 1 at 4-15. Petitioner sought state-level habeas review multiple times. ECF 8 at 2-3. The most recent of his state habeas petitions was rejected by the state supreme court in 2008. *Id*. Petitioner has failed to show how the instant petition, filed over 35 years after the conviction he challenges, meets the Antiterrorism and Effective Death Penalty Act's statute of limitations for petitioners seeking habeas relief under § 2254. *See* 28 U.S.C. § 2244(d) (stating that absent extraordinary circumstances, a federal habeas petition must be filed within one year of the "date on which the [challenged] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). In the absence of any evidence showing that his petition is timely, we recommend dismissal of the petition.

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's dismissal of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it

to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Here, reasonable jurists would not find our conclusion debatable or conclude that petitioner should proceed further. Thus, we recommend that the court decline to issue a certificate of appealability.

**Findings and Recommendations**

We recommend that petitioner's writ of habeas corpus be dismissed as untimely. We submit these findings and recommendations to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. The document containing the objections must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: February 13, 2020

UNITED STATES MAGISTRATE JUDGE

No. 206.